Hon. Hugh C. Fowler State Senator 5399 South Clarkson Street Littleton, Colorado 80121
Dear Senator Fowler:
QUESTION PRESENTED AND CONCLUSION
This is in reply to your letter of February 24, 1976, wherein you inquire whether part-time employees of the Senate are subject to the City and County of Denver Employee Occupational Privilege Tax.
 My conclusion is "yes," unless exempted because the total compensation is less than $250.
ANALYSIS
In the case of City and County of Denver v. Duffy Storageand Moving Co., 168 Colo. 91, 450 P.2d 339 (1969) appeal dismissed, 396 U.S. 2, 24 L.Ed.2d 1, 90 S.Ct. 23 (1969), the ordinance was held to be constitutional. Subsequently, in the case of Hamilton v. Denver, 176 Colo. 6, 490 P.2d 1289
(1971), the Supreme Court of Colorado held that there was nothing in state statutes or the constitution to preclude the city from imposing the tax upon members of the General Assembly and civil service employees of the state. The plaintiffs in that case were members of the General Assembly and employees of the state who were in the classified service.
Admittedly, part-time employees were not represented as plaintiffs in the suit. However, the decision, in my opinion, clearly reveals that part-time employees are subject to the tax if within the purview of the ordinance which imposes a tax at the rate of two dollars ($2.00) a month for each and every month for which such employee is for any period of time so employed within Denver. Employees whose compensation is less than $250 per calendar month are exempted.
Significantly, in the Duffy case, supra, the court stated that "the exemption for those who receive less than $250 a month income is a concrete way of exempting those who perform only minimal services within Denver." Therefore, it is concluded that all state employees, whether in the classified service or not, be they part-time or full-time employees, are subject to the tax for each month employed within Denver, for any period of time, unless exempted due to the fact that the total compensation is less than $250 for the calendar month.
Attached to your letter was a copy of an agreement of November 18, 1971, between the City and County of Denver and the State of Colorado in which the State agreed to assist in the collection of the tax.
While in the Hamilton case, supra, the court upheld the occupational tax to be valid, it did not say that the State could be compelled to collect the tax. In the case ofBoulder v. Regents, University of Colorado, 179 Colo. 420,501 P.2d 123 (1972) the court held "that no municipality, absent statutory authority could compel the State or its officials to collect municipal taxes." However, the court, in citing the Hamilton case, supra, took judicial notice of the fact that the State was then voluntarily deducting Denver's occupational privilege tax from the compensation paid to those State employees who requested the State to do so and was remitting the amount collected to Denver. There is no legal objection to assisting Denver in the collection of the tax as provided in the agreement.
SUMMARY
Part-time employees of the Colorado Senate are subject to the City and County of Denver Employee Occupational Privilege Tax, unless exempted due to the fact that the total compensation is less than $250 for the calendar month. There is no legal objection to the State's assisting Denver in the collection of the tax pursuant to agreement.
Very truly yours,
 J.D. MacFARLANE Attorney General
TAXATION AND REVENUE EMPLOYEES, PUBLIC LEGISLATIVE BRANCH
Senate ADMINISTRATION, DEPT. OF
Part-time employees of the Colorado Senate are subject to the City and County of Denver Employee Occupational Privilege Tax, unless exempted due to the fact that the total compensation is less than $250 for the calendar month. There is no legal objection to the State's assisting Denver in the collection of the tax pursuant to agreement.